In the United States District Court
For the Western District of Michigan

**FILED - GR**
February 13, 2009 9:50 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _LEP___/_____

**KENNETH A. HERSHEY** #255571 _____

(Enter above the full names of all plaintiffs, including prisoner number, in this action.)    1:07-cv-1225

v.

MARY BERGHUIS, SHIRLEE HARRY, UMNKNOWN BOOTH, UNKNOWN THEDORFF, JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV, AND JOHN DOE V, KAREN BOEVE, UNKNOWN KOCHES, JANE/JOHN DOE, JANE DOE, MICHAEL WHALEN, JANE DOE, GEORGE PRAMSTALLER, RICHARD RUSSELL,GRAIG HUTCHINSON, PATRICIA CARUSO, CORRECTIONAL MEDICAL SERVICES (CMS), UNKNOWN SPITTEMS, UNKNOWN KELLY, M. HUBBELL, CAPTAIN SMITHSON,  RONALD E. GRAESER, RODRIGUEZ, THOMAS A. LANORE, and JAMES ARMSTRONG. SEE ATTACHMENT.

(Enter above the full name of the defendant or defendants in this action.)

## AMENDMENT COMPLAINT

I.    **Previous Lawsuits**

**CAUTION: The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in this and other federal courts without prepayment of the required $350 filing fee.  Accurate and complete responses are required concerning your litigation history.  Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $350 filing fee regardless whether your complaint is dismissed.**

A.    Have you ever filed a lawsuit while incarcerated or detained in any prison of jail facility?    Yes ☒ No ☐

B.    If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below.  Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1.    Identify the court in which the lawsuit was filed.  If it was a state court, identify the county in which the suit was filed.  If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

United State District Court Western District of Michigan _____

2.    Is the action still pending?    Yes ☐ No ☒

a.    If your answer was no, state precisely how the action was resolved:  Dismissed. Failure to exhaust state remedies.

3.    Did you appeal the decision?    Yes ☐ No ☒

4.    Is the appeal still pending?    Yes ☐ No ☒

a.    If not pending, what was the decision on appeal?  No appeal.

5.    Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit?    Yes ☐ No ☒

If so, explain: _____

-2-

(Last Revised: January 2007)

II.    **Place of Present Confinement** (JCF)-G. Robert Cotton Correctional Facility, 3510 N. Elm Road Jackson, MI 49201

If the place of present confinement is not the place you were confined when occurrence that is subject of instant lawsuit arouse, also list the place you were confined: (MTF) and (MCF), Muskegon Correctional Facility.

III.    **Parties**

In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A.    Name of Plaintiff  Kenneth A. Hershey

Address  (JCF)-G. Robert Cotton Correctional Facility, 3510 N. Elm Road Jackson, MI 49201

In Item B below, place the full name of the defendant in the first blank, his or her official position in the second blank and his or her place of employment in the third blank. Use Item C for the names, positions and place of employment of all additional defendants. Attach extra sheets as necessary. **State whether you are suing each defendant in an official or personal capacity.**

B.    Defendant  SEE ATTACHMENT                     is employed as  SEE ATTACHMENT

at  SEE ATTACHMENT

C.
Additional Defendants  SEE ATTACHMENT

V.    **Statement of Claim**

State here, as briefly as possible, the **facts** of your case. Describe how each defendant is personally involved. Include also, the names of other persons involved, dates and places. **Do not give any legal arguments of cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets if necessary.

SEE ATTACHMENT

-3-

V.    **Relief**

State briefly and precisely what you want the court to do for you.

_____SEE ATTACHMENT_____

February ▪ 11 ▪ ,2009.
      **Date**

Signature of Plaintiff - Kenneth A. Hershey

## NOTICE TO PLAINTIFF(S)

The failure of a *pro se* litigant to keep the court appraised of an address change may be considered cause for dismissal.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

**KENNETH A. HERSHEY**,

Plaintiff,

v.

**KENNETH A. HERSHEY**,

Defendant(s).

**AUTHORIZATION FOR WITHDRAWAL OF FUNDS TO PAY THE CIVIL ACTION FILING FEE and AFFIDAVIT OF INDIGENCE IN SUPPORT OF REQUEST TO PROCEED** *IN FORMA PAUPERIS*

I, __Kenneth A. Hershey_____, am the plaintiff in the above entitled case, and I believe I am entitled to redress. In support of my motion to proceed without being required to prepay fees or costs or give security, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefore. I acknowledge that **I am liable for payment of the $350.00 civil action filing fee**, and I authorize the correctional facility in which I am currently housed to (1) provide information about my trust fund account to the federal court; and (2) withdraw from my trust fund account and forward to the federal court (a) an initial partial filing fee for this action (20% of the greater of my average monthly deposits or average monthly balance for the past 6 months), which I will request be disbursed, and (b) subsequent monthly payments (20% of my previous month's deposits), as ordered by the federal court, until I have paid the full filing fee of $350.00 for this action. Further, I declare that the responses which I have made below are true.

1.      Are you presently employed?      Yes ☐  No ☒

   a.      If the answer is yes, state the amount of your salary per month and give the name and address of your employer.

   _____

   b.      If the answer is no, state the date of last employment and the amount of the salary per month which you received.

   In 2005, Port City Finished Factory, per month $1200.00.

2.      Have you received, within the past twelve months, any money from any of the following sources?

   a.      Business, profession or other self-employment?                      Yes☐  No ☒
   b.      Rent payments, interest or dividends?                               Yes ☐  No ☒
   c.      Pensions, annuities or life insurance payments?                     Yes ☐  No ☒
   d.      Gifts or inheritances?                                              Yes ☐  No ☒
   e       Any other sources?                                                  Yes ☐  No ☒

   If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months.

   _____

3.      Do you own any cash or do you have money in a checking or savings account?      Yes ☐  No ☒
   (Include any funds in prison accounts)

   If your answer is yes, state the total value owned.

-2-

4.   Do you own real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings an clothing)?                                                   Yes ☐  No ☒

If the answer is yes, describe the property and state its approximate value. _____

_____

5.   List the persons who are dependent upon you for support; state your relationship to those persons; and indicate how much you contribute toward their support:

_____NONE-NO ONE_____

_____

_____

_____

_____

I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury.

**I declare under penalty of perjury that the above information is true and correct.**

FEBRUARY- *11* , 2009._____              _____
        Date                                      Signature of Applicant - **Kenneth A. Hershey**

---

**CERTIFICATE**

---

I certify that the plaintiff herein has had deposits of _____ and withdrawals of _____ from his prison

account over the last six-month period. The present balance in the plaintiff's prison account is _____ .

I further certify that plaintiff has the following securities to his credit according to the records of this institution:

_____ .

_____          _____          _____
**Authorized Financial Officer**          **Name of Institution**                    **Date**

NOTE: Instead of completing the above certificate, you may attach the certificate establishing prisoner account activity and the printout issued by the institution.

(Last Revised: January 2007)

UNITED STATES OF AMERICA
IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH A. HERSHEY,
     Plaintiff,

V
                                    Case No.07-cv-1225
                                    Honorable :PAUL L. MALONEY

MARY BERGHUIS, SHIRLEE HARRY,
UMNKNOWN BOOTH, UNKNOWN THEDORFF,
JOHN DOE I, JOHN DOE II, JOHN DOE III,
JOHN DOE IV, AND JOHN DOE V (MTF Correctional Officer),
KAREN BOEVE, UNKNOWN KOCHES, JANE/JOHN DOE
(MTF Health Care Unit Manager), JANE DOE (MTF Registered Nurse),
MICHAEL WHALEN, JANE DOE (MCF Registered Nurse),
GEORGE PRAMSTALLER, RICHARD RUSSELL and GRAIG HUTCHINSON,
Amended Defendant's
PATRICIA CARUSO,( Director Department of Correction),
CORRECTIONAL MEDICAL SERVICES (CMS),
UNKNOWN SPITTEMS-(PA), UNKNOWN KELLY-(RN),
M. HUBBELL (RN-13), CAPTAIN SMITHSON,
RONALD E. GRAESER (DR.), RODRIGUEZ (RN),
THOMAS A. LANORE (Health Provider ), and
JAMES ARMSTRONG, (Grievance Coordinator).

     Defendants. _____ /

# AMENDED  COMPLAINT
## CIVIL COMPLAINT
## WITH DEMAND FOR JURY TRIAL

Now comes Plaintiff herein, Kenneth A. Hershey, proceeding in propria persona, and for his

Complaint against the above-named defendants, states unto this Honorable Court as follows:

## Parties

1. Plaintiff Kenneth A. Hershey is presently a prisoner within the Michigan Department of Corrections and is presently housed at the Cotton Correctional Facility, located at 3510 N. Elm Road Jackson, Michigan 49201-8877.

**DEFENDANT'S**

2. Defendant Mary Berghuis is, and was at all times relevant to this Complaint, and is employed by the MDOC and working at MTF as the Warden of the West Shoreline Correctional Facility (MTF), under the jurisdiction of the MDOC, as the Warden she is responsible for her employees and their actions listed in this in complaint. She is also been made aware of plaintiffs complaint's by way of grievances. MTF is  located at 2500 South Sheridan Road, Muskegon, Michigan 49442. Defendant  Berghuis is sued in her individual capacity and official capacities.

3. Defendant Shirlee Harry is, and was at all times relevant to this Complaint, she is the Warden of (MCF), under the jurisdiction of the MDOC, as the Warden she is responsible for her employees and their actions listed in this in complaint. She is also been made aware of plaintiffs complaint's by way of grievances. Muskegon Correctional Facility (MCF), located at 2400 South Sheridan Road, Muskegon, Michigan 49442. Defendant Harry is sued in her individual and official capacities.

4. Defendant unknown Booth is, and was at all times relevant to this Complaint, the Sergeant at the   West Shoreline Correctional Facility (MTF), located at 2500 South Sheridan Road, Muskegon, Michigan 49442. Defendant Booth is sued in his individual capacity and official capacities.

5. Defendant Unknown Thedorff is, and was at all times relevant to this Complaint, a Lieutenant at the West Shoreline Correctional Facility (MTF), located at 2500 South Sheridan Road,

Muskegon, Michigan 49442. Defendant Thedorff is sued in his individual capacity and official capacities.

6. Defendant John Doe I, John Doe II, John Done III, John Doe IV and John Doe V are, and were at all times relevant to this Complaint, the Correctional Officers at the West Shoreline Correctional Facility (MTF), located at 2500 South Sheridan Road, Muskegon, Michigan 49442. Defendant Doe I, Doe II, Doe III, Doe IV and V are sued in their individual capacity and official capacities.

7. Defendant Karen S. Boeve is, and was at all times relevant to this Complaint, a Registered Nurse at the West Shoreline Correctional Facility (MTF), located at 2500 South Sheridan Road, Muskegon, Michigan 49442. Defendant Boeve is sued in her individual capacity and official capacities.

8. Defendant Unknown Koches is, and was at all times relevant to this Complaint, a Registered Nurse at the West Shoreline Correctional Facility (MTF), located at 2500 South Sheridan Road, Muskegon, Michigan 49442. Defendant Koches is sued in her individual capacity and official capacities.

9. Defendant Jane/John Doe is, and was at all times relevant to this Complaint, the health Unit Manager at the West Shoreline Correctional Facility (MTF), located at 2500 South Sheridan Road, Muskegon, Michigan 49442. Defendant Doe'S is sued in her/his individual capacity and official capacities.

10. Defendant Jane Doe is, and was at all times relevant to this Complaint, a Registered Nurse at the West Shoreline Correctional Facility (MTF), located at 2500 South Sheridan Road, Muskegon, Michigan 49442. Defendant Doe is sued in her individual capacity and official

capacities.

11. Defendant Michael Whalen is, and was at all times relevant to this Complaint, the Health Unit Manager of the Muskegon Correctional Facility (MCF), located at 2400 South Sheridan Road, Muskegon, Michigan 49442. Defendant Whalen is sued in his individual and official capacities.

12. Defendant Jane Doe is, and was at all times relevant to this Complaint, a Registered Nurse at the Muskegon Correctional Facility (MCF), located at 2400 South Sheridan Road, Muskegon, Michigan 49442. Defendant Doe is sued in her individual and official capacities

13. Defendant George Pramstaller is, and was at all times relevant to this Complaint, the Director of the Michigan Department of Correction's Bureau of Health Care Division (BHC), located at 206 East Michigan Avenue, Lansing, Michigan 48933. Defendant Pramstaller is sued in his individual and official capacities.

14. Defendant Richard Russell is, and was at all times relevant to this Complaint, the Assistance Director of the Michigan Department of Correction's Bureau of Health Care Division (BHC), located at 206 East Michigan Avenue, Lansing, Michigan 48933. Defendant Russell is sued in his individual and official capacities.

15. Defendant Craig Hutchinson is, and was at all times relevant to this Complaint, the Director of the Correction's Medical Services, Inc. (CMS), Inc.) Michigan regional Office, located at 3496 Lake Lansing Road, Suite 100, East Lansing, Michigan 48823. Defendant Hutchinson is sued in his individual and official capacities.

16. Defendant Patricia Caruso was at all times relevant to this action acting under color of law. The actions of Defendant Caruso taken as an Individual in his/her official capacity as Director of the Michigan Department of Corrections (MDOC) and were adopted and ratified by the other

Page 4 of 22

Defendants to such an extent that such actions constitute an accepted policy or custom of the Defendants for which she should likewise be held liable, She is sued in her Individual and Official Capacities.. Her mailing address is Michigan Department of Corrections Grandview Plaza Bldg. P.O. BOX 30003 Lansing, Michigan 48909.

17. Defendant Correctional Medical Services (CMS) is a private corporation providing health care on behalf of the MDOC. Acting as the health care provider is this case, they consistently denied or delayed the plaintiff effective treatment for his injuries. Their agents/employees have also consistently interfered with treatment and denies plaintiff adequate treatment, causing him much additional pain and suffering. The plaintiff believes that this defendants denied or interfered with his treatment for purely financial reasons, thereby denying his rights under the Eighth Amendment of the U.S. Constitution. This defendant is being sued in its individual and official capacity. Its mailing address in Michigan is 2378 Wood Lake Dr., Suite 280, Okemos, MI, 48864. Their malfeasance is described throughout the body of this action.

18. Defendant Unknown Spittems - (PA)-physician assistance) is, and was at all times relevant to this Complaint, the physician assistance (PA), of the Muskegon Correctional Facility (MCF) health care unit, located at 2400 South Sheridan Road, Muskegon, Michigan 49442. Defendant Spittems is sued in his/her individual and official capacities.

19. Defendant Unknown Kelly - (RN)- Registered Nurse), is, and was at all times relevant to this Complaint, the Registered Nurse (RN), of the Muskegon Correctional Facility (MCF) health care unit, located at 2400 South Sheridan Road, Muskegon, Michigan 49442. Defendant Kelly is sued in his/her individual and official capacities.

20. Defendant M. Hubbell (RN-13)- Registered Nurse), is, and was at all times relevant to

this Complaint, the Registered Nurse (RN-13), of the Muskegon Correctional Facility (MCF) health care unit, located at 2400 South Sheridan Road, Muskegon, Michigan 49442. Defendant Hubbell is sued in his/her individual and official capacities.

21. Defendant Captain Smithson,   is, and was at all times relevant to this Complaint, a Captain at the Muskegon Correctional Facility (MCF), located at 2400 South Sheridan Road, Muskegon, Michigan 49442. Defendant Smithson is sued in his/her individual and official capacities.

22. Defendant Doctor Ronald E. Graeser,   is, and was at all times relevant to this Complaint, the Doctor at the Muskegon Correctional Facility (MCF) health care unit, located at 2400 South Sheridan Road, Muskegon, Michigan 49442. Defendant DR. Graeser is sued in his individual and official capacities.

23. Defendant Unknown Rodriguez (RN)-Registered Nurse),   is, and was at all times relevant to this Complaint, the Registered Nurse  (RN), of the Muskegon Correctional Facility (MCF) health care unit, located at 2400 South Sheridan Road, Muskegon, Michigan 49442. Defendant Rodriguez is sued in his/her individual and official capacities.

24. Defendant  Thomas A. Lanore, (HP)-Health Provider)  is, and was at all times relevant to this Complaint, the Health Provider, of the Muskegon Correctional Facility (MCF) health care unit, located at 2400 South Sheridan Road, Muskegon, Michigan 49442. Defendant Lanore is sued in his individual and official capacities.

25.  Defendant  James Armstrong was at all times relevant to this action acting under color of law. The actions of Defendant Armstrong were taken as an Individual and Official Capacities in his capacity as a Grievance Manager for the MDOC  and were adopted and ratified by the other

Page 6 of  22

Defendants to such an extent that such actions constitute an accepted policy or custom of the Defendants for which he should likewise be held liable,  He is sued in his Individual and Official Capacities. His mailing address is Grandview Plaza Bldg, P.O. Box 30003, Lansing, Mi 48909.

### Jurisdictional Averments

**26.** This action arises under U.S.C., Title 42, Section 1983 involving U.S. Constitutional Amendment I, as more fully appears hereinafter, thus jurisdiction is invoked pursuant to U.S.C., Title 28, Sections 1331.

**27.** This action further arises under U.S.C., Title 42, Section 1983 involving U.S. Constitutional Amendments VIII and XIV, as more fully appears hereinafter, thus jurisdiction is invoked pursuant to U.S.C., Title 28, Section 1331.

**28.** This action further arises under U.S.C., Title 42, Section 1985 involving U.S. Constitutional Amendments VIII and XIV, as more fully appears hereinafter, thus jurisdiction is invoked pursuant to U.S.C., Title 28, Section 1331 and 1343(a)(1) & (2).

**29.** This action further arises under U.S.C., Title 42, Section 1983 involving Article VI of the United States Constitution, as more fully appears hereinafter, thus jurisdiction is invoked pursuant to U.S.C., Title 28, Section 1331.

**30.** This action further arises under U.S.C., Title 28, Section 2202, as more fully appears hereinafter, thus jurisdiction is invoked pursuant to U.S.C., Title 28, Section 1331.

**31.** This action further arises under State Law Claims, as more fully appears hereinafter, thus jurisdiction is invoked pursuant to U.S.C., Title 28, Section 1367(a).

### Venue

32. Venue is proper pursuant to U.S.C., Title 28, Section 1391, in that a substantial part of the events or omissions giving rise to the claims occurred within the Western District of Michigan and all Defendants have their residences through their offices within the Western District of Michigan.

## Statement of Material Facts

33. On or about July 1, 2007 Plaintiff was detained at the West Shoreline Correctional Facility [hereafter MTF] where Plaintiff was at the medication window when Defendant Booth called Plaintiff over to the Food Service Department.

34. Defendant Booth demanded Plaintiff to produce two (2) details, to wit: one for the medication line and one for the cane that plaintiff had in his possession , wherein Plaintiff informed Defendant Booth that the details were in the housing unit.

35. Defendant Booth informed Plaintiff that he was going to write two (2) misconduct reports, one for bing out of place and one for being late to the medication window.

36. Defendant Booth then demanded that Plaintiff relinquish his cane and return to his housing unit to procured said details.

37. Plaintiff informed Defendant Booth that he was unable to travel such distance without the aid of his cane and that he was not going to relinquish his cane, wherein Defendant Booth began to yell at Plaintiff to hand over the cane and Plaintiff had a seat on the bench.

38. Defendant Doe I, Doe II, Doe III, Doe IV and Doe V, all correctional officers in the near vicinity, began to depart from the scene wherein Plaintiff summoned them for assistance and to hail a health care worker so as to verify the necessity of his cane.

39. Defendants Doe I, Doe II, Doe III, Doe IV and Doe V ignored the pleas of Plaintiff and

quickly departed the scene.

40. Defendant Booth went to the control center and came back out with two (2) pieces of papers yelling: "Your detail for the cane has run out, you have a direct order to go back to your unit and you are not getting your cane back," as he took Plaintiff's cane.

41. Plaintiff complies with the order and proceeds on the walkway wherein Plaintiff's leg gave out approximately 20 or thirty feet away and Plaintiff crashed to the ground.

42. Defendant Booth ran over and demanded that Plaintiff quit faking and get up off the ground.

43. After 10 or 15 minutes of Plaintiff lying on the ground, a correctional officer came over to Plaintiff and demands that he get up and not to get any blood on him in the process.

44. Plaintiff slowly got up and limped to his housing unit which was approximately 200 yards away and upon entering the housing unit an officer asks Plaintiff what happened, wherein Plaintiff informed him, the officer then handed Plaintiff a rag to wipe his bleeding hand and informed Plaintiff that he would contact Health Services.

45. Defendant, second shift correctional officer called RN-Koches to inform them that Plaintiff needed medications attention for his right hand, elbow, and knee only to be told to have Plaintiff wash all cuts out with state soap and Plaintiff would be just fine.

46. Plaintiff talked with RN-Koches on 7-1-07 Plaintiff was told to quite faking it and if you truly need medical attention put a health care kite in and you will be called out. In the mean time wash the cut out with state soap and put band-aid on cuts.

47. Plaintiff on 7-2-07 the next day Plaintiff went to the A-Rus that work in D-unit to have Jane Doe call health care to get Plaintiff medical attention for his swollen hand that Plaintiff could

not move it and that he needed his cane back A-Rus Jane Doe let Plaintiff know that when she got time she would call Health Care.

48. Defendants first shift unit correctional officers over herd Plaintiff and the unit A-Rus talking about Plaintiff falling and getting Plaintiff's cane back, D-unit officer ask Plaintiff why he didn't come to him about something so serious and went on to tell Plaintiff not to go anywhere that he would get Plaintiff a wheelchair and could Plaintiff get his room mate to push him up to Health Care to get his cane at which time Plaintiff did.

49. Plaintiff gets to the medical window and ask Jane Doe Health Care worker if Plaintiff could come in and have his hand looked at? Plaintiff is told to put a Health Care kite in like the rest of the inmates and Plaintiff would be called out.

50. Plaintiff on 7-1-07 and on or about 7-10-07, and 7-30-07, did received Health Care kites back saying Plaintiff complaints of fracture, knee, elbow, and hand, was just routine per staffs perceptive then Plaintiff was sent to a level-2 facility (MCF).

51. Once at the level-2 facility, Muskegon Correctional Facility (MCF), Plaintiff was called out by Health Care about his cholesterol and once Plaintiff see the Health Care worker and shows the John Doe Health Care worker his hand , the worker tells Plaintiff he must have an x-ray of the hand.

52. On or about 2-weeks later Plaintiff was sent for an x-ray of his hand, it took over a month to only be told that the only thing wrong with Plaintiff's hand was arthritis. Now when the Health Care worker John Doe is telling Plaintiff that it is only arthritis Plaintiff ask the Health Care Worker if his dislocated pinkie and dislocated knuckle was just arthritis at which time Plaintiff also asked for a specialist to look at his hand, he is told he would be referred to the doctor.

Page 10 of 22

**53**. Plaintiff has sent over 13 Health Care kites to see a doctor/specialist and at no time has Plaintiff been called out to see a doctor as (MCF) claimed Plaintiff was seen by a doctor, if that was so Plaintiff would have asked to see a specialist.

**54**. Plaintiff was called out by John Doe Health Care staff to look at his hand again, Plaintiff was told, "John Doe Health Care hands were tide and the only thing he could do was refer him to see the doctor which there was a 3 to 4 months waiting list".

**55.** Plaintiff is called out by the Jane Doe Health Care supervisor about a grievance he filed on the Health Care about it being a 130-days and Plaintiff not seeing a doctor, supervisor informed Plaintiff that he has been seen over 5 or 6 times by the Health Care. Plaintiff let the supervisor know she is right and that the Health Care has done nothing to fix his dislocated pinkie and pushed -in knuckle.

**56**. Defendant supervisor informed Plaintiff the only thing wrong with his hand per the x-ray was arthritis, Plaintiff asked the supervisor to look at his hand and tell him that his hand only has arthritis in it when you can see the dislocated pinkie and his pushed-in knuckle, supervisor asked Plaintiff what it is that he wanted the Health Services to do at which time Plaintiff tells the supervisor he would like to be referred to a specialists, then Plaintiff is told by Jane Doe supervisor that he wouldn't see specialists no time soon, then Plaintiff is asked to leave Health Care.

**57**. Plaintiff filed a grievance on 7-3-07, on staff corruption grievance (MTF-07-07-04-47027-27a) Plaintiff filed on Sgt-Booth and the way he covered up Plaintiff's injuries by informing Health Care , Plaintiff was faking his fall from the Sgt-Booth taking Plaintiff's cane and about the Health Care not responding to Plaintiff's medical needs by way of taking Sgt-Booth word that Plaintiff's fall didn't requiring medial treatment.

58. Defendant response to the step-1 grievance, said Plaintiff couldn't grieve a misconduct hearing issues, now Plaintiff had put a grievance in on SGT-Booth and the Health Care about staff corruption and derelictions of duty by way of taking Plaintiff's cane and not getting him and Health Care, care for his injuries from the fall. LT. Thedorff dictating his personal opinion in a Memorandum dated 08/30/07 at MTF facility when he Denied Plaintiff's grievance No: MTF0707/04499/17A, which culminated in the loss of his parole due to Plaintiff's demands for medical treatment, contrary to the First and Fourteenth Amendment of the Constitution of the United States of America and U.S.C., Title 42, Section 1983. See exhibit (M), misconduct report by Sgt. Booth and Memorandum by Lt. Thedorff.

59. Plaintiff must remind the court that at the time the grievance was filed Plaintiff had not been heard on any tickets which shows the further cover up by Grievance Coordinator and all other staff involved in this matter.

60. Defendant Warden office response to step-2 grievance was vary derogatory, and only further covered up the wardens staff at MTF prison by way of not reading any of Plaintiff's grievance, if any of the responding party would have took the time to read the grievance, their response might have corresponded with Plaintiff grievance and they would not have rejected Plaintiff's grievance saying Plaintiff filed the grievance over tickets that were written on Plaintiff long after the filing of the grievance.

61. Defendant response at step-3 investigation in Lansing must have been read by J. Armstrong, the investigator only because he mentions that the Plaintiff grievance is about staff corruption on July 1, 2007, but goes on to further cover up for all said staff at the MTF prison and goes on to say the Plaintiff filed the grievance over the misconduct ticket that was written on the

Plaintiff . Plaintiff put the grievance in 7-3-2007 and was not herd on ticket until 14-days later.

62. Plaintiff has been forced to write two other grievances on the MDOC medical staff to further try to get help by medical staff at MTF and MCF prisons.

63  See exhibit -A,  x-ray, that was taken a 130-days after Plaintiff fell at the Muskegon Temp Fac. (MTF), Plaintiff was sent from MTF Level 1 to MCF level 2, at which time the x-ray was ordered 130 days after Plaintiff had fallen at MTF, Plaintiff's hand was broken or fractured and had healed wrong, and due to it being the Plaintiffs cane hand for when his back gives out,  he is  not being able to fully use his hand to grip his cane, which has caused him to fall again further injuring his back and hand even more, Plaintiff hand isn't at full capacity of use.

64. See exhibit -B, Medcial Details and lay-ins.

> 1) see where the CMS ordered a 2" inch wrap to keep the swollen down on the Plaintiffs hand, ice packs, and ordered a school work detail stating that his is unable to grip a pen or pencil.
> 2) see room lay-ins for over a month, with meals in due to the fall down the stairs at MCF, and due to the Plaintiff not being able to use his hand to grip his cane to walk.
> 3) See special accommodations: A) bottom bunk detail. B) no lifting. C) medical equipment/school lay-in. D) risk warning of heat related illness.

65. See exhibit -C Health Care Kites, The Plaintiff attempts of seeking  help from the CMS medical staff from 10/27/2007 up till the present time. Plaintiff was at a doctors appointment on one occasion, and when he ask RN Kelly how much longer it would be to see the doctor, RN Kelly starting yelling at the Plaintiff to leave the Health Care and made the correctional officer make Plaintiff leave Health Care.

66. See exhibit -D, the call-outs show where the MCF and the CMS prison officials and correctional medical services had the Plaintiff locking on a second floor, due to no bed space on the first floor knowing full well that Plaintiff was at the risk of falling down the stairs if his back was

to give out, or lose of cane from his injured hand. Plaintiff had asked the Health Care to put him on the first floor to keep him from having to climb up and down the stairs, and he asked staff that worked 5-unit if they would move him because He was fearful his back or legs would give out, or his hand would not hold his cane because of injuries and if his cane slip out then he would most likely fall down the stairs.

67. See exhibit -E, the grievance filed on the 3rd shift for not getting Plaintiff and medical help for over (5) hours after he had falling down the upper flight of stairs and officer Barns had to help him down the rest of the stairs and set him in a chair and then lay him on the floor in front of the officers desk, for over 5 hours before getting him medical help by way of sending him out to the Muskegon Hackley Hospital see grievance filed on that MCF-08-02-00-128-03d

68. See exhibit -F, the inmates statements, declarations as to what the inmates saw and did on the night and morning when the Plaintiff fell down the upper part of the stairs, and was brought down stairs and was laid on the floor and was made to lay there for over five hours.

69. See exhibit -G, grievance MCF-08-04-00-39-627-B, where Plaintiff has been Denied PRE-GED class and placed on a "Double 00 Status" which means that Plaintiff can't leave his room from 8:00am till 4:30pm Monday-Friday, due to the Plaintiff not being able to use his hand to grip a pencil or a pen.

70. See exhibit-H, grievance that has 2-different grievance numbers which is a way of throwing off the Plaintiff, in his process of filing his grievances. The first number is MCF-07-10-00-91-27 and the second number is MCF-07-10-01-00-91-21, Now one must remind ones self that this isn't the first time that this happened to the Plaintiff grievance process.

71. See exhibit -I, grievance MCF-08-07-00-549-123, this response from Julie VanSetters

"TITLE Reg. II/DON" is a false statement made by her, the Plaintiff on 7/8/2008, was made to leave the Health Care, by RN-Kelly and the Correctional Officer and Julie VanStters goes on to state in the step -II grievance response that Plaintiff declined to get up on the examination table, Plaintiff could hardly move the day of the exam, then states in her response that the medical Practitioner did note that Grievant had some limitations with his effected hand but used it adeptly in handing his cane, the Health care at the MCF prison has shown there Negligence and Deliberate Indifference to Plaintiff's serious medical needs. The medical Dept. has breached the appealable standard of medical care by there dereliction of their professional obligations by subjecting or causing Plaintiff to be subjected to unnecessary affection of pain. The medical Dept. ether by acts of commission or acts of commissions have allowed Plaintiff to endure cruel and unusual punishment, Mentally, Physically, and Emotionally. Distress in direct Violation of Plaintiffs Confrontation Rights.

72. See exhibit -J, grievance MCF-08-01-11-121, the grievance is dealing with a PA - Spitters, that claimed he's a doctor, and not just with me, this PA has done this with many inmates. then when Plaintiff ask the PA to open my medical file, PA refused to look in the file to see what was going on, nor would the PA look to see what the Hackleey Hospital recommendations were as Plaintiff tried to tell the PA that the Hospital said a MRI was needed, and ordered new pain medications.

73. See exhibit - K, grievance MCF-08-08-00-636-E, this grievance was sent to Lansing on its first Step (Step-I), and never returned to the Plaintiff see letter from Lansing. Then the Plaintiff re-filed the grievance at the Muskegon Correctional Facility, Step-I Grievance Coordinator. This grievance is dealing with RN - Rodriguez, that was passing out the wrong medication on 5/27/2008, Plaintiff was told that his medications had run out, and RN - Rodriguez told plaintiff to go wait in

the waiting room, when Rodriguez went and to get Plaintiff some medication, when Rodriguez came back to the med -window, Plaintiff ask what was in the medication cup that Rodriguez was trying to give him, RN-Rodriguez tells the Plaintiff if you don't take the medications that I've brought you then you will get nothing.

74. See exhibit -L, the inmates statements, to what they saw on the said night that RN-Rodriguez give the Plaintiff the wrong medication on 6/26/2008.

FURTHER STATEMENTS TO THE FACTS:

75. On 12/2/2008, Plaintiff had fallen down in the lobby at Health Care, there was a SGT-LEWIS that saw Plaintiff fall on said day, Plaintiff was told to wait in the waiting room as the Plaintiff was waiting Mike Whalen come out and told Plaintiff to fill out a accident report, and to get it back to him. About 15-minutes later Plaintiff was called back to see RN-Kelly and Dr. Ronald E. Graeser and at that time Plaintiff asked the Doctor to please look at his groin that was in lots of pain and the doctor tells Plaintiff that he would be fine and that he would give the Plaintiff a shot of Toradal for the pain, Plaintiff tells the Doctor and RN-Kelly to look in his file, because back in February of 2008, Plaintiff had a reaction to the Toradol when the Hackeey Hospital give him a shot of Toradol. RN-Kelly starts to look up in Plaintiff's file to see what he can find, and at that time the Plaintiff is told that his file is to extensive and that they didn't have the time to review it. At that time Plaintiff is told if he didn't want the Toradal shot then the Plaintiff was to leave the Health Care and was asked if he had Tylenol in his unit for the pain, and was told to take the Tylenol for the pain.

76. Plaintiff was made to leave Health Care, on the way out Mike Whalen comes up yelling at him and said "we are all done with you will be riding out of here and good luck". Once Plaintiff

get back to his unit at about 8:00AM, he takes about 8 Tylenol then at about 11:00AM, he takes about 8 more Tylenol, and at 3:00PM, takes 10 Tylenol "Plaintiff Groin was as big as a soft ball" at which time officer Wilbur (clock #219)comes to the Plaintiff's room to check on him and when officer Wilbur (Clock #219) saw Plaintiff taking that many Tylenol, he let Plaintiff know that he did not think taking that many Tylenol was good for him, and ask why he was taking that many Tylenol?

77. Plaintiff told Officer Wilbur (Clock #219)what had happened to him at Health Care, the officer said he would call Health Care and get him some help. Not long after as Plaintiff was typing out accident report, two officers came into his room and told him to put his hands behind his back, and that he was being taking to the hole for trying to kill himself on Tylenol.

78. The next day 12/3/2008, Plaintiff was still in the hole when the psychologist comes to the hole and asked Plaintiff why he was trying to kill himself with Tylenol? Plaintiff told the psychologist that he was not trying to kill himself and told him that the reason he was taking so many Tylenol was that he was in a lot of pain because he had fallen and hurt his groin and it was black and blue and that he was told by Health Care to take Tylenol for the pain. The psychologist told him that Health Care did not tell him about the groin injuries or that they had told him to take Tylenol for the pain.

79. That same day, Plaintiff got out of the hole (TSR) and was unpacking back in unit 4, at about 2:00PM or 3:00PM, on 12/3/2008, officer Wilbur (Clock 219), comes to his room and lets him know that the Muskegon Correctional Facility, had called Officer Wilbur at home and asked him to do a report on Mr. Hershey (Plaintiff) saying that he tried to hurt him self by taking the Tylenol. Officer Wilbur told MCF that he already did a statement about what had gone on with Mr. Hershey, and that he could not do a statement saying that Plaintiff was trying to hurt himself, when that was

not what happened. Officer Wilbur told MCF that his statement was already in the log book and that he would not change it. officer Wilbur also told me (Plaintiff) that he would come to court when called to by him to testify on his behalf.

80. After that Plaintiff was sent to JCF out of retaliation.

## Plaintiff's First Cause of Action
## Denial of Medical Treatment

81. Plaintiff hereby incorporates by reference Paragraph 2 through 80 of the Complaint as though fully stated herein.

82. That, all Defendant's, did, while acting under the Color of Law, knowingly and intentionally deprive Plaintiff of effective medical treatment causing extreme physical pain and discomfort, and the loss of the usages of his pinkie, contrary to the Eighth and Fourteenth Amendment of the Constitution of the United States of America and U.S.C., Title 42, Section 1983.

## Plaintiff's Second Cause of Action
## Conspiracy to Deny Medical treatment

83. Plaintiff hereby incorporates by reference Paragraph 2 through 80 of the Complaint as though fully stated herein.

84. That, all Defendant's, did, while acting under the Color of Law, knowingly and intentionally Conspire together to deprive Plaintiff of effective medical treatment causing extreme physical pain and discomfort, and the loss usages of his pinkie, contrary to the Eighth and Fourteenth Amendment of the Constitution of the United States of America and U.S.C., Title 42,

Section 1985.

## Plaintiff's Third Cause of Action
### Retaliation

**85.** Plaintiff hereby incorporates by reference Paragraph 2 through 80 of the Complaint as though fully stated herein.

**86**. That, Defendants Booth and Thedorff, did, while acting under the Color of Law, knowingly and intentionally retaliate against Plaintiff by Booth issuing misconduct, and LT. Thedorff dictating his personal opinion in a Memorandum dated 08/30/07 at MTF facility when he Denied Plaintiff's grievance No: MTF0707/04499/17A, which culminated in the loss of his parole due to Plaintiff's demands for medical treatment, contrary to the First and Fourteenth Amendment of the Constitution of the United States of America and U.S.C., Title 42, Section 1983. See exhibit (M), misconduct report by Sgt. Booth and Memorandum by Lt. Thedorff.

## Plaintiff's Fourth Cause of Action
### Violation of U.S. Constitutional Oath

**87.** Plaintiff hereby incorporates by reference Paragraph 2 through 80 of the Complaint as though fully stated herein.

**88.** That, all Defendants, did, while acting under the Color of Law, knowingly and intentionally vitiate their Constitutional Oath in the failure to adhere to clearly established federal law mandating that Plaintiff receive effective and adequate medical treatment when they knew, or should have known that Plaintiff was in need of said treatment, and forbidding retaliation and conspiracy therein, contrary to Article VI of the Constitution of the United States of America and

U.S.C., Title 42, Section 1983.

### Plaintiff's Fifth Cause of Action
### Violation of U.S. Constitutional Oath

89. Plaintiff hereby incorporates by reference Paragraph 2 through 80 of the Complaint as though fully stated herein.

90. That, all Defendants, did, while acting under the Color of Law, knowingly and intentionally vitiate their Constitutional Oath of Fidelity in the failure to adhere to clearly established federal and state law regarding retaliation, medical treatment and conspiracy, contrary to Article XI, Section 1 of the Michigan Constitution of 1963 and Public Act 22 of 1951, as amended by Section 15.151 of the Michigan Compiled Law of 1979.

### Demand For Relief

a. A Declaratory Judgment that Defendants Berghuis, Harry, Booth, Thedorff, Doe I through V, Boeve, Koches, All Jane Doe, Whalen, All John Doe, Pramstaller, Russell, and Hutchinson, Patricia Caruso, Correctional Medical Services (CMS), Spittems, Kelly, Hubbell, Captain Smithson, DR. Graeser, Rodriguez, Lanore , and Armstrong, violated Plaintiff's right under the federal and state constitutions when they contravened their Oaths and deprived Plaintiff of medical care, either individually and or collectively in a conspiracy, through acts or omission;

b. A Declaratory Judgment that Defendants Booth, Thedorff violated Plaintiff's right under the federal and state constitutions when they contravened their Oaths and retaliated against

Page 20 of  22

Plaintiff by the issuance of misconduct which deprived Plaintiff of his approved medical  issued Cain.

c. A Permanent injunction enjoining Defendants  Whalen, Does, Pramstaller, Russell and Hutchinson, and Caruso, CMS, Spittems, Kelly, Hubbell, Smithson, DR. Graeser, Rodriguez, Lanore, and Armstrong, from depriving Plaintiff of medical treatment and to send Plaintiff to an outside specialist to determine the appropriate treatment which shall be rendered to Plaintiff;

d. Compensatory damages against all Defendants in the amount of Three Hundred and Fifty  Thousand ($350,000.00) Dollars, jointly and severally, from their individually assets;

e. Punitive damage in the amount of One Hundred Thousand ($100,000.00) against each Defendants, individually and severally;

f. A trial by a jury on each issue triable by a jury in pursuance of the Seventh Amendment to the United States Constitution;

g. To be appointed an attorney to represent Plaintiff on all matters pre-trial and trial during the course of this litigation;

h. Order MDOC and CMS to hand over all manes and addresses of Defendant's listed in this complaint, included all John Doe's and Jane Doe's, MDOC Health Care workers at MTF or MCF Facility, CMS Health Care workers at MTF or MCF Facility, and any other employees listed in complaint by name or by "Doe", and  Such other and further relief as this Court deems just, proper and equitable.

I, Plaintiff requests that this Court provide guidance in the initial stage of this matter as

he is without any sufficient knowledge of the legalities needed to progress this matter.


Dated: February 11, 2009.

Respectfully submitted,

Plaintiff In Propria Persona
Kenneth A. Hershey
G. Robert Cotton Correctional Facility
3510 N. Elm Road
Jackson, Michigan 49201-8877


## VERIFICATION OF PLEADINGS

I, Kenneth A. Hershey, hereby declare under the penalty of perjury that the foregoing facts within the Civil complaint are true and correct and are not meant to mislead or harass the Defendants herein.


Dated: February 11, 2009.

Kenneth A. Hershey