UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KENNETH HERSHEY,

            Plaintiff,                Case No. 1:07-cv-1225

v.                                           Honorable Paul L. Maloney

MARY BERGHUIS et al.,

           Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim against Defendants Berghuis, Harry, Thedorff, Boeve, Pramstaller, Russell, Hutchinson, Caruso, Hubbell, Smithson, LaNore and Armstrong. The Court will serve the amended complaint against Defendants Booth, Koches, Whalen, Spitters, Kelly, Graeser, Rodriguez and CMS.

**Discussion**

I.        Factual allegations

Plaintiff is incarcerated in the Muskegon Correctional Facility (MCF). The events giving rise to his complaint occurred at MCF and during his previous incarceration at the West Shoreline Correctional Facility (MTF). In his *pro se* amended complaint (docket #11), Plaintiff sues MTF Warden Mary Berghuis, MCF Warden Shirlee Harry, MTF Sergeant (unknown) Booth, MTF Lieutenant (unknown) Thedorff, MTF Nurse Karen Boeve, MTF Nurse (unknown) Koches, MCF Health Unit Manager Michael Whalen, MCF Physician Assistant (unknown) Spitters, MCF Nurse (unknown) Kelly, MCF Nurse M. Hubbell, MCF Captain (unknown) Smithson, MCF Doctor Ronald Graeser, MCF Nurse (unknown) Rodriquez, and MCF Health Provider Tomas LaNore. Plaintiff also sues several Jane and John Doe employees of MTF and MCF. In addition, Plaintiff sues George Pramstaller, Director of the Michigan Department of Corrections (MDOC) Bureau of Health Care Division; Richard Russell, Assistant Director of the MDOC Bureau of Health Care Division; MDOC Director Patricia Caruso; MDOC Grievance Manager James Armstrong; Craig Hutchinson, Director of Correctional Medical Services (CMS); and CMS.

Plaintiff's action concerns the denial of medical care. On July 1, 2007, while Plaintiff was incarcerated at MTF, Defendant Booth confronted Plaintiff while he was in the medication line. Booth demanded that Plaintiff produce his details for the medication line and for the cane that Plaintiff was using. When Plaintiff was unable to produce the details, Booth told Plaintiff that he was going to issue misconduct reports and took away Plaintiff's cane. Plaintiff alleges that five John Doe corrections officers refused to assist him or to call health care to verify that he needed the cane. As Plaintiff tried to make his way back to the housing unit without his cane, his leg gave out and he

fell to the ground. Booth allegedly yelled at Plaintiff to stop faking and get up. After ten of fifteen minutes, Plaintiff got up and limped to his housing unit.

Plaintiff claims that he injured his right hand, elbow and knee in the fall and required medical treatment. When a corrections officer from Plaintiff's housing unit called heath services regarding Plaintiff's injuries, Defendant Koches instructed Plaintiff to wash out his cuts with state issue soap and apply band aids. Koches further advised Plaintiff to submit a medical request form if he needed further treatment. The following day, July 2, 2007, Plaintiff went to the health care department and requested treatment because his hand was swollen and he could not move it. The Jane Doe health care worker told Plaintiff that he had to submit a medical request and that he would be called out. Over the next month, Plaintiff claims that he submitted health care requests complaining that he had fractured his knee, elbow and hand in the fall, but was not called out for medical treatment.

After Plaintiff was transferred to MCF, he was sent for X-rays of his right hand. A month after the X-rays were taken, the John Doe health care worker told Plaintiff that the only thing wrong with his hand was arthritis. Plaintiff disputed the test results because he believed that his pinkie finger and knuckle were dislocated. Plaintiff sent over thirteen health care kites to see a doctor or specialist. He was seen by medical staff on five or six occasions, but was not seen by a doctor. Plaintiff filed several grievances against Defendant Booth and health care staff concerning his fall and his lack of treatment by a doctor. Plaintiff further claims that he was denied proper medical treatment by Defendants Kelly, Spitters, Rodriguez, Whalen and Graeser.

Plaintiff claims that he has been denied medical treatment in violation of his Eighth Amendment rights. He further claims that Defendants conspired to deny him medical care. In

addition, Plaintiff claims that Defendant Booth retaliated against him for requesting medical treatment by charging him with misconducts. Plaintiff seeks declaratory and injunctive relief, as well as compensatory damages of $350,000 and punitive damages of $100,000 from each of the Defendants.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v.* Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations repecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombley*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal

rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants Boeve, Pramstaller, Russell, Hutchinson, Caruso, Hubbell, Smithson and LaNore. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"), *overruled in other part*, *Goad v. Mitchell*, 297 F.3d 497, 502-03 (6th Cir 2002). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even mention Defendants Boeve, Pramstaller, Russell, Hutchinson, Caruso, Hubbell, Smithson or LaNore in the body of his complaint. As a result, his allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, to the extent Plaintiff seeks to hold any of those Defendants liable for the conduct of their subordinates, a plaintiff bringing an action pursuant to § 1983 cannot premise

liability upon a theory of respondeat superior or vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Because Plaintiff fails to allege that Defendants Boeve, Pramstaller, Russell, Hutchinson, Caruso, Hubbell, Smithson or LaNore actively engaged in unconstitutional conduct, he fails to state a claim against them.

Plaintiff makes no allegations against Defendants Berghuis, Harry, Thedorff and Armstrong, other than his claim that they denied his grievances. The Sixth Circuit held that where the defendant's only involvement in the allegedly unconstitutional conduct is "the denial of administrative grievances or the failure to act," the defendant cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). To support a claim under § 1983, Plaintiff must allege active unconstitutional behavior. Failing to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior by a person who merely denies an administrative grievance. *Id.* Also, in unpublished decisions, the Sixth Circuit has held that a prisoner's allegation that a defendant improperly denied a grievance is not a claim of constitutional dimension because there is "no inherent constitutional right to an effective prison grievance procedure." *See Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at \*3 (6th Cir. June 14, 2000); *Lyle v. Stahl*, No. 97-2007, 1998 WL 476189, at \*1 (6th Cir. Aug. 3, 1998); *see also Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at \*1 (6th Cir. Mar. 28, 1994) (no

constitutional right to a grievance procedure). Accordingly, Plaintiff also fails to state a claim against Defendants Berghuis, Harry, Thedorff and Armstrong.

Plaintiff's allegations are sufficient to state a claim against the remaining Defendants. Accordingly, the Court will order service of the amended complaint against Defendants Booth, Koches, Whalen, Spitters, Kelly, Graeser, Rodriguez and CMS.[1]

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Berghuis, Harry, Thedorff, Boeve, Pramstaller, Russell, Hutchinson, Caruso, Hubbell, Smithson, LaNore and Armstrong will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the amended complaint against Defendants Booth, Koches, Whalen, Spitters, Kelly, Graeser, Rodriguez and CMS.

An Order consistent with this Opinion will be entered.


Dated:   March 11, 2009               /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      Chief United States District Judge

---

[1] The Court has not evaluated Plaintiff's claims against the John and Jane Doe Defendants and lacks sufficient information to order service upon them at this stage of the proceedings.