UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH HERSHEY,
        Plaintiff,

No. 1:07-cv-1225

-v-

HONORABLE PAUL L. MALONEY

MARY BERGHUIS, ET AL.,
        Defendants.

OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART A REPORT
AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTIONS

Plaintiff Kenneth Hershey, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983. Defendants Whalen, Booth, Kelley, Rodriguez and Koches ("Defendants") filed a motion for summary judgment. (Dkt. No. 45.) Plaintiff filed a reply. (Dkt. No. 68.) Defendants Correctional Medical Services (CMS) and Graeser filed a motion to dismiss and/or for summary judgment. (Dkt. No. 56.) Defendant Spitters also filed a motion to dismiss and/or for summary judgment. (Dkt. No. 67.) Plaintiff did not file a response to the two motions filed by CMS, Graeser and Spitters. The magistrate judge reviewed all three motions and issued a report recommending (1) Defendants' motion be granted in part and denied in part and (2) the other two motions be granted. The magistrate judge further recommends dismissing the claims against the remaining unnamed defendants. Defendants filed an objection. (Dkt. No. 84.) Plaintiff did not file any objection.

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28

U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

ANALYSIS

    A. UNNAMED DEFENDANTS

The magistrate judge recommends dismissing, without prejudice, the remaining unnamed Defendants for failure to timely effect service. Plaintiff has not objected to this recommendation. Accordingly, the magistrate judge's report with regard to this issue is ADOPTED as the opinion of this court and the remaining unnamed Defendants are DISMISSED WITHOUT PREJUDICE.

    B. DEFENDANTS CMS, GRAESER, AND SPITTERS

Defendants CMS, Graeser, and Spitters are entitled to have the claims against them dismissed. Plaintiff opted not to respond to the motions filed by Defendants CMS, Graeser and

Spitters. The magistrate judge reviewed the motions and recommends granting the motion filed by Defendants CMS and Graeser. Specifically, the magistrate judge recommends granting the motion to dismiss with regard to Defendant CMS and granting the motion for summary judgment with regard to Defendant Graeser. The magistrate judge also recommends granting the motion for summary judgment filed by Defendant Spitter. Plaintiff opted not to object to these recommendations. Accordingly, the magistrate judge's report with regard to this issue is ADOPTED as the opinion of this court and the two motions (Dkt. No.s 56 and 67) filed by Defendants CMS, Graeser and Spitters are GRANTED.

C. DEFENDANTS WHALEN, BOOTH, KELLEY, RODRIGUEZ AND KOCHES

Defendants moved for summary judgment on several grounds. First, each of these Defendants asserted Plaintiff failed to exhaust his administrative remedies regarding the events giving rise to the specific claims against each of them. Second, Defendants argue Plaintiff lacks evidentiary support for his claims for deliberate indifference to his medical needs in violation of the Eighth Amendment, for retaliation in violation of the First Amendment, and for conspiracy. Finally, Defendants argue they are entitled to sovereign immunity for any claims brought against them in their official capacity and qualified immunity for claims brought against them in their individual capacity.

The magistrate judge recommends granting portions of Defendants' motion. First, the magistrate judge finds Defendant Booth is entitled to summary judgment on both the deliberate indifference claim and on the retaliation claim. Second, the magistrate judge finds Defendant Whalen is entitled to summary judgment on the deliberate indifference claim against him. Third, the magistrate judge recommends Defendant Kelley is entitled to summary judgment on the

3

deliberate indifference claim against him. Fourth, the magistrate judge finds all Defendants are entitled to dismissal of the claims against them for conspiracy and for violating their constitutional oath. Plaintiff has not filed any objection to the report. Accordingly, the magistrate judge's report with regard to these claims is ADOPTED as the court's opinion and the relief recommended in the report is GRANTED.

The magistrate judge recommends denying other portions of Defendants' motion, to which Defendants have objected. Specifically, the magistrate judge recommends denying the deliberate indifference claim against Defendant Koches and against Defendant Rodriguez. Defendants assert five objections to these two recommendations. In the first three objections, Defendants argue the magistrate judge failed to address their exhaustion defense, their sovereign immunity defense, and their qualified immunity defense. Defendants then argue the magistrate judge did not place the burden on Plaintiff to show objective evidence of his medical injuries with regard the medical indifference claim against Defendant Koches. Finally, Defendants argue there is no genuine issue of fact with regard to the medical indifference claim against Defendant Rodriguez. The magistrate judge's report accurately summarizes the relevant law, and neither party has objected to that portion of the report. Defendants object on the basis that the magistrate either failed to address a claim or erred in the application of the facts presented to the law.

       1. Defendant Koches

In his amended complaint, Plaintiff claims, on July 1, 2007, his cane was confiscated which caused him to crash to the ground when he tried to walk back to his building. (Amended Compl. ¶ 40 and 41.) Defendant Koches submitted an affidavit in which she admits she received a call on July 1, 2007 regarding Plaintiff's injuries. (Def. Ex. B.) Defendant Koches admits she spoke with

4

Plaintiff and with a guard, who described Plaintiff's injuries as superficial. (*Id.*) Defendant Koches avers the injuries described were "superficial," and that she told Plaintiff to wash the abrasions out with soap and water. (*Id.*) Several weeks later, an x-ray of Plaintiff's hand was taken, which reveals only arthritis. (Amended Compl. ¶ 52; Pl. Ex. A to Amended Compl.) In their brief in support of their motion for summary judgment, Defendants argue Plaintiff's injury did not constitute a serious medical need. (Dkt. No. 46 at 10-11.) In his response to the motion, Plaintiff submitted an affidavit in which he claims he told Defendant Koches he had "an open wound, with a considerable amount of blood loss; that I thought I needed stitches and that I thought my hand might be broke." (Pl. Ex. 70 ¶ 11.) On the basis of the affidavit, the magistrate judge recommended denying the motion with regard to Defendant Koches. (Dkt. No. 82 at 10.) Defendants object, asserting Plaintiff's obligation at this stage includes providing objective evidence of a serious medical need.

Defendant Koches is entitled to summary judgment on the claim against her for deliberate indifference to medical needs. Plaintiff bears the burden of proof at trial on both the objective and subjective prongs of his deliberate indifference claim. Through the motion, Defendants have challenged Plaintiff's ability to demonstrate he had a serious medical injury. The evidence submitted by Plaintiff, his sworn affidavit, does not establish the objective prong of an Eighth Amendment claim for deliberate indifference to a serious medical need.[1] Plaintiff's affidavit establishes the subjective prong, that Defendant Koches was subjectively aware of a serious medical risk. Although Defendant Koches never observed Plaintiff's injury, Plaintiff claims he told her about an open wound that required stitches, as well as the possibility that his hand was broken. If Plaintiff actually suffered those injuries, they would be sufficiently serious that even a lay person

---

[1]Plaintiff has also submitted pictures of his hand. (Pl. Ex. G to Brief in Response.)

would recognize the necessity for medical attention. Plaintiff, however, has not established that he ever suffered such injuries. Plaintiff has neither put forth any objective medical evidence that he suffered such alleged injuries, nor has he offered any evidence that the injuries he did suffer were so obviously serious that a lay person would agree that the injuries were serious. In his complaint, Plaintiff alleges he sought health care for his hand on July 2, 2007, but was not seen by anyone until August, when he was transferred to another facility. (Amended Compl. ¶¶ 47-51.) Defendant Spitters attached, as an exhibit to his motion, the medical records for Plaintiff's medical review conducted on August 8, 2007. (Dkt. No. 67, Exhibit C.) In the record, Defendant Spitters noted Plaintiff exhibited "moderate swelling no discoloration of middle MC P joint rt hand suggesting trauma has good str and motion is good incl finger thumb opposition str limited in finger flexion but this is true of every finger rt hand." (*Id.*) The report does not mention any open wound, healing wound, or other evidence of the sort of bleeding injury of which Plaintiff claimed to have suffered. At this stage in the proceedings, Plaintiff has the obligation to set forth evidence on the elements of his claim sufficient to create a genuine issue of material fact that must be resolved at trial. Plaintiff has not done so.

For these reasons, Defendants' objection regarding Plaintiff's failure to put forth sufficient evidence to create a genuine issue of material fact on his claim for deliberate indifference against Defendant Koches is SUSTAINED. The magistrate judge's recommendation that the deliberate indifference claim against Defendant Koshes survive is REJECTED. The portion of Defendants' motion requesting summary judgment for Defendant Koches on the basis of failure to present sufficient facts to establish a genuine issue is GRANTED.

        2. Defendant Rodriguez

In his claim against Defendant Rodriguez, Plaintiff alleges, on May 27, 2008 , this Defendant distributed the wrong medication to him. (Amended Comp. ¶ 73.) Plaintiff alleges he sent a grievance concerning this situation to Lansing. In Exhibit K to his amended petition, Plaintiff includes a letter dated June 16, 2008 from the Grievance and Appeals Section of the MDOC in Lansing informing Plaintiff that he must file his grievance at his facility. In the same exhibit, Plaintiff submits the grievance he filled out on July 23, 2008 concerning this event, which was received by the facility on August 4, 2008. The grievance was rejected at each level on both the merits and because the grievance was untimely. (Exhibit K to Amended Compl.) Assuming, for the sake of argument only, that Plaintiff's error in sending the initial grievance form to Lansing was excusable, Plaintiff's delay in submitting the grievance to the grievance coordinator in his own facility is not excusable. After being informed that his grievance was not properly filed in Lansing, Plaintiff delayed submitting his grievance form relating to the incident involving Defendant Rodriguez for more than a month.[2] According, Plaintiff did not properly exhaust his administrative procedures. Defendants' objection regarding Plaintiff's failure to exhaust administrative grievance

---

[2] In the amended complaint, Plaintiff also references a statement of an inmate who recounts an event that occurred on June 28, 2008. (Amended Compl. ¶ 74; Pl. Ex. L.) The inmate claims, on that day, he heard Defendant Rodriguez tell Plaintiff that Plaintiff's medications had been discontinued and that Plaintiff told Defendant Rodriguez that the medications had just been renewed. (Pl. Ex. L.) This incident does not support a claim for deliberate indifference to medical needs. First, the evidence presented by Plaintiff does not support the claim that on June 28, 2008, Defendant Rodriguez gave Plaintiff the wrong medications. Second, Plaintiff has presented no evidence that he ever submitted any grievances related to the incident on June 28, 2008. In the grievance related to the May 27 medication distribution, Plaintiff also references an incident on May 28, where Defendant Rodriguez ordered Plaintiff to leave the health care facility. In the grievance, Plaintiff does not allege Defendant Rodriguez gave him the wrong medications on either May 28 or June 28. Third, regardless of whether the event took place on either May 28 or June 28, the grievance received on August 24 would have been untimely.

7

on the claim against Defendant Rodriguez is SUSTAINED. The magistrate judge's recommendation that the deliberate indifference claim against Defendant Rodriguez survive is REJECTED. The portion of Defendants' motion requesting summary judgment for Defendant Rodriguez on the basis of failure to exhaust administrative remedies is GRANTED.

CONCLUSION

The magistrate judge recommends resolving all claims in Defendants favor with the exception of Plaintiff's claims for deliberate indifference to his serious medical needs against Defendant Koches and Defendant Rodriguez. The court agrees with the arguments outlined by Defendants in their objections. Plaintiff has failed to establish a genuine issue of material fact on the claim against Defendant Koches because Plaintiff has failed to put forth any evidence, other than his own statement, establishing that he suffered a serious medical injury. The evidence in the record with regard to the injury allegedly suffered on July 1, 2007 does not establish that it was sufficiently serious to form the basis for a claim of deliberate indifference. In addition, Plaintiff failed to properly exhaust his administrative remedies with regard to his claim against Defendant Rodriguez. It is not sufficient for Plaintiff to have filed a grievance through all three stages. Plaintiff must also have filed the grievance timely. The grievance was rejected at all three stages of the review process on both the merits of the claim and because it was untimely.

CERTIFICATE OF GOOD FAITH APPEAL

Plaintiff was granted *in forma pauperis* status for the purpose of this action. Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "The statute requires that a district court must determine in writing whether a request to appeal in forma pauperis is taken in good faith." *McGore v.*

8

*Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997). The "good faith" requirement must be judged by an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "Good faith" is demonstrated when the party seeks appellate review of an issue that is "not frivolous." *Id.* An appeal is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The former occurs when 'indisputably meritless' legal theories underlie the complaint and the latter when it relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327-28)). Under this standard, a determination of "good faith" requires "an inquiry into the merits of the appeal, but does not require that probable success be demonstrated. The Court's inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Jones v. Frank*, 622 F.Supp.1119, 1120 (W.D. Tex. 1985) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)).

The court has reviewed the motions, the report and recommendation, and the objection for the purpose of a certificate of good faith. The court concludes any appeal would not be taken in good faith. Plaintiff's concessions, through his decision not to file responses to the motions or objections to the report and recommendation, render any appeal of those issues frivolous. As explained in the opinion, Plaintiff lacks any evidentiary basis for his claim that he had a serious medical injury and he did not timely grieve his claim against Defendant Rodriguez. Accordingly, those claims are indisputably meritless or too fantastic to warrant an appeal.

ORDER

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED:**

1. The report and recommendation (Dkt. No. 83) is **ADOPTED IN PART AND REJECTED IN PART** as the opinion of this court.

2. The claims in the amended complaint against the unnamed Defendants are **DISMISSED WITHOUT PREJUDICE.**

3. The motion for summary judgment (Dkt. No. 45) filed by Defendants Kelley, Rodriguez, Whalen, Koches, and Booth is **GRANTED.**

4. The motion to dismiss and/or for summary judgment (Dkt. No. 56) filed by Defendants CMS and Graeser is **GRANTED.**

5. The motion to dismiss and/or for summary judgment (Dkt. No. 67) filed by Defendant Spitters is **GRANTED.**

6. Plaintiff is **DENIED** a certificate of good faith for the purpose of pursuing an appeal *in forma pauperis*.

Date:  March 29, 2010                    /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               Chief United States District Judge